Richard L. MURILLO, Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.

No. 99–16942.

D.C. No. CV–97–20718–SW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001.*

Decided Feb. 23, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM **

■ The Administrative Law Judge's (ALJ's) determination that Murillo can perform at least his past relevant sedentary work as an electronics assembler is supported by substantial evidence. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995) (where there is affirmative evidence of malingering, subjective pain complaints may be rejected based on substantial evidence). While it is true that "[a] man who cannot walk, stand or sit for over one hour without pain does not have the capacity to do most jobs available in the national economy," *Delgado v. Heckler,* 722 F.2d 570, 574 (9th Cir.1983), the ALJ determined that Murillo is not so physically limited.

■ The ALJ properly considered all of the medical factors that could reduce Murillo's work capacity, including subjective pain evidence. *Erickson v. Shalala,* 9 F.3d 813, 817–18 (9th Cir.1993). It was within the ALJ's discretion to use ordinary methods of credibility determination in deciding that Murillo's subjective pain claims were not credible. *Fair v. Bowen,* 885 F.2d 597, 604 n. 5 (9th Cir.1989). Here, Murillo's treating physicians noted the possibility of malingering and secondary gain and released Murillo to vocational rehabilitation. Murillo passed the physical exams given by his doctors, who concluded that the degeneration in his lower back did not justify any restrictions on his physical activity. Additionally, Murillo was prescribed only mild medication and, by his own testimony, engaged in considerable daily activity, including light housework and driving. These facts constitute substantial evidence in support of the ALJ's determination that Murillo is able to perform, at the very least, sedentary work.

The ALJ's determination that Murillo can perform his past relevant work as an electronics assembler is also not erroneous. Though Murillo now claims that this past relevant work was not sedentary, he so described the job to the ALJ. The ALJ may accept a claimant's description of his past work. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982). Thus, the ALJ's determination that Murillo, even if limited to sedentary work, could return to his past relevant work as an electronics assembler is supported by substantial evidence and not erroneous.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.